### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**TONY BLASINGIM**                                                                           **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 5:15-CV-183-TBR**

**MIDWEST NEUROSURGEONS et al.**                                      **DEFENDANTS**

### MEMORANDUM OPINION

On September 11, 2015, the Court entered an Order noting that the plaintiff in this action, Tony Blasingim, had initiated actions in this Court before and that a review of the complaint and motion for leave to proceed *in forma pauperis* in the instant action revealed that Mr. Blasingim's signature appeared markedly different from his signature in, for example, *Blasingim v. Interventional Pain Specialist*, No. 5:13-cv-123-TBR. That Order further pointed out that under the Federal Rules of Civil Procedure, "Every pleading, written motions, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Thus, the Court ordered Plaintiff Tony Blasingim to affirm in writing in a sworn statement under penalty of perjury that it was he who filed this action. That Order warned that failure to comply would result in dismissal of this action.

In response, the Court received a document stating: "I Cindy Mitchell will testify under oath that I do Tony Blasingims reading and writing because he can't read or write." That document is signed "Cindy Mitchell" and "Tony Blasingim," with both signatures in the same handwriting. That document does not comply with the Court's Order. That document does not state that Mr. Blasingim wanted to initiate this lawsuit or even knows about it and does not explain why Mr. Blasingim apparently was able to sign his own name in 2013 but cannot now.

In any event, Ms. Mitchell[1] is not an attorney and may not represent others in court. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also* 28 U.S.C. § 1654.

Because this case was initiated by a complaint which was not signed by the "party personally" and because Plaintiff has failed to remedy this deficiency as he was ordered to do, this action is not proper and will be dismissed by separate Order.  Fed. R. Civ. P. 41(b).

Date:


cc:   Plaintiff, *pro se*
4413.009

---

[1] Ms. Mitchell is known to this Court because of various *pro se* cases she has filed here, some of which have included Mr. Blasingim as a plaintiff.